IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY,<br>     Plaintiff,<br><br>v.<br><br>MARK EDLIN,<br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 23-cv-3019 |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Edlin's ("Edlin") Motion to Dismiss (Doc. 9) pursuant to Federal Rules of Civil Procedure 12(b)(1). For the reasons that follow, Edlin's Motion to Dismiss is GRANTED in part and DENIED in part.

I.   **FACTUAL BACKGROUND**

Grinnell is a property-casualty insurance and reinsurance company with its principal place of business in Grinnell, Iowa. (Doc. 1 at ¶ 2). Edlin is an Illinois citizen who operates Edlin Dozing Service, a company with its principal place of business in Mt. Sterling, Illinois.[1] (*Id.* at ¶ 3).

Grinnell issued a Commercial Lines Policy (the "Policy") to Edlin for a coverage period from September 24, 2020, to September 24, 2021. (*Id.* at ¶ 24). The Policy contained a Commercial General Liability Coverage Form obligating Grinnell to provide defense

---

[1] The pleadings do not indicate in which state Edlin Dozing Service is incorporated.

to, and indemnify Edlin from, lawsuits seeking damages for claims of bodily injury, property damage, or personal and advertising injury. (*Id.* at ¶¶ 25-27).

On or about April 9, 2021, Edlin entered into a written agreement with Shearbilt Enterprises, Inc. ("Shearbilt") whereby Edlin would pay Shearbilt $2,100,000.00 to move 750,000 cubic yards of sand from one site in LaPlace, Louisiana to another site in LaPlace, Louisiana. (*Id.* at ¶ 10).

On August 5, 2021, Edlin initiated the action *Mark Edlin d/b/a Edlin Dozing Service v. Shearbilt Enterprises, Inc.*, case number 21-02114 in the Circuit Court of the Eighth Judicial Circuit in Brown County, Illinois (the "Underlying Action"). (*See id.* at ¶ 3). There, Edlin alleged that Shearbilt hauled only 14,773 cubic yards of sand before it "walked off" the job and refused to continue with its contractual obligations. (*Id.* at ¶ 11). On September 7, 2021, the Underlying Action was removed to the Central District of Illinois, before being transferred to the Eastern District of Louisiana on November 15, 2021. (*See id.* at ¶ 13). On November 30, 2021, Shearbilt filed its Answer, Affirmative Defenses, and Counterclaims against Edlin. (*Id.* at ¶ 14; Exh. 2).

On July 27, 2022, Edlin requested defense and indemnity of the Underlying Action to Grinnell, to which Grinnell denied coverage. (*Id.* at ¶¶ 22-23). As a result of Grinnell's denial of coverage, Edlin and Shearbilt filed a joint motion to dismiss the Underlying Action on August 31, 2022. (*Id.* at ¶ 20). The Eastern District of Louisiana granted that motion with prejudice on September 6, 2022. (*Id.* at ¶ 21).

Grinnell then filed the instant Complaint for Declaratory Judgment on January 23, 2023, pursuant to the Court's diversity jurisdiction authority under 28 U.S.C. § 1332. (Doc.

1). Grinnell asks the Court to declare it had no duty under the Policy to defend or indemnify Edlin with respect to the counterclaims brought against him by Shearbilt in the Underlying Action. (*See* Doc. 1). Specifically, Grinnell contends there was no coverage because the counterclaim brought against Edlin in the Underlying Action did not allege any claims of bodily injury, property damage, or personal and advertising injury. (*Id.* at ¶ 31).

On March 15, 2023, Edlin filed a Motion to Dismiss (Doc. 9) and corresponding Memorandum of Law (Doc. 10) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Edlin moves to dismiss the Complaint for lack of subject matter jurisdiction. (Doc. 10 at 3-4). To support that argument, Edlin filed with his Motion a "Declaration and Binding Stipulation of Damages" that he does not seek and will not accept damages in excess of $75,000. (*Id.*; Exh. A). Alternatively, Edlin moves for the Court to abstain from exercising jurisdiction over this case pursuant to the *Wilton/Brillhart* Abstention Doctrine. Specifically, Edlin argues the Court should abstain from deciding this case because Grinnell filed its Complaint defensively, as it was logical that Edlin would bring an action against it in Louisiana State court. (Doc. 10 at 4-7).

On April 5, 2023, Grinnell filed its Response (Doc. 11) to Edlin's Motion to Dismiss. There, Grinnell argues that a defendant is not permitted to file binding stipulations as to damages because that power lies solely with a plaintiff. (*Id.* at 3-4). Further, Grinnell argues that the *Wilton/Brillhart* Abstention Doctrine is inapplicable because Edlin has not yet filed a state action. (*Id.* at 4-7). On April 19, 2023, Edlin sought leave to file a Reply (Doc. 12; Exh. 1). On May 3, 2023, this Court granted said request and Edlin's Reply was

filed. (Doc. 13). In his Reply, Edlin appears to abandon his $75,000 subject matter jurisdiction argument and, instead, seemingly asserts a forum *non conveniens* argument. (*See id.*).

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). However, the plaintiff bears the burden of proving the jurisdictional requirements have been met. *Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).

## III.   ANALYSIS

Edlin moves to dismiss Grinnell's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Edlin alternatively argues that the Court should dismiss the Complaint pursuant to the *Wilton/Brillhart* Abstention Doctrine. (Doc. 10 at 4-7).

### 1.   Subject Matter Jurisdiction

Edlin first moves to dismiss the Complaint for lack of subject matter jurisdiction. (Doc. 10 at 3-4). Specifically, while conceding that there is complete diversity of citizenship between the parties, Edlin argues that the amount in controversy threshold is not met. (*Id.*).

To meet the amount-in-controversy requirement, a plaintiff suing in federal court must allege in good faith that "the controversy entails a dispute over more than $75,000, exclusive of interests and costs." *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (citing 28 U.S.C. § 1332(a)). This requirement is not onerous. *Id*. The plaintiff's allegations about the amount in controversy control unless the court concludes, "to a legal certainty," that "the face of the pleadings" demonstrates "that the plaintiff cannot recover" the jurisdictional minimum or that "the proofs" show that "the plaintiff never was entitled to recover that amount." *Id*. Put differently, a district court has jurisdiction unless an award for the jurisdictional minimum would be legally impossible. *Id*. Courts assess the amount in controversy as of the date on which a case is filed in or removed to federal court. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 809 (7th Cir. 2017). If on the date of filing, the plaintiff could allege in good faith that over $75,000 was at stake, then the amount-in-controversy requirement is satisfied. *Id*.

Edlin's only support for his allegation that the $75,000 threshold has not been met rests on a "Binding Stipulation of Damages" he filed with his Motion to Dismiss. (Doc. 10; Exh. A). There, Edlin attempts to "waive, relinquish, and/or renounce [his] entitlement to any damages, including penalties and attorneys' fees, but exclusive of interest and costs, in excess" of $75,000. (*Id.*). In support of this allegation, Edlin cites *Stull v. YTB Int'l, Inc.*, No. CIV. 10-600-GPM, 2010 WL 4008153, at *3 (S.D. Ill. Oct. 13, 2010) where the court held that "a binding stipulation or affidavit that waives a jurisdictionally-sufficient recovery and is filed with a plaintiff's complaint is effective to reduce the

amount in controversy below the jurisdictional threshold." (Doc. 10 at 3). However, Edlin's reliance on *Stull* is misplaced.

Indeed, as Grinnell correctly points out, in *Stull*, 2010 WL 4008153, at *3, and each case cited by Edlin as having been cited by *Stull*, address diversity cases in which the plaintiffs filed binding stipulations or affidavits with their initial complaints to remain out of federal court. (Doc. 11 at 3). *See Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) ("This rule should not impose a hardship on the plaintiff who has a modest claim that he does not want to be forced to litigate in federal court. He can avoid that fate, in a case in which only monetary relief is sought, simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 430 (7th Cir. 1997) (Stipulation filed by plaintiff, albeit after removal); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (same); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367–68 (7th Cir. 1993) ("We recently discussed another alternative to simple remand: a stipulation by plaintiff after removal that if the case is remanded, he will not seek more than [the amount in controversy threshold].").

In this case, Edlin is not the plaintiff and removal is not an issue before the Court. The power to file a binding damages stipulation or affidavit to destroy federal diversity jurisdiction lies with Grinnell, not Edlin. *Workman*, 234 F.3d at 1000. The Court finds Grinnell has made a good faith estimate that its damages exceed the amount in controversy threshold. Grinnell seeks a declaration by the Court that it is not liable to Edlin for a loss exceeding $75,000 in value. (Doc. 1). Moreover, the Court notes Edlin

abandoned his $75,000 subject matter jurisdiction argument in his Reply brief and, instead, asserts a forum *non conveniens* argument. (Doc. 13 at 6). There, he argues that, because the Court granted a motion to transfer the Underlying Action against Shearbilt to the United States District Court for the Eastern District of Louisiana based on forum *non conveniens*, the Court should now decline its subject matter jurisdiction over the instant Complaint for the same reason. (*Id.*). The Court is not convinced by this argument. Not only is there not a motion to transfer based on forum *non conveniens* in this case, but this argument was also raised for the first time in Edlin's Reply. (*Id.*).

Accordingly, the Court has subject matter jurisdiction over this action because both diversity of citizenship is present and the amount in controversy threshold is satisfied.

2. *Wilton/Brillhart* **Abstention Doctrine**

Edlin alternatively argues the Court should dismiss the Complaint pursuant to the *Wilton/Brillhart* Abstention Doctrine. (Doc. 10 at 4-7). Specifically, Edlin argues the Court should dismiss the Complaint as Grinnell seeks only a defensive declaratory judgment, filed in anticipation of a concurrent state court action, which renders federal removal unavailable. (*See id.*).

Under the *Wilton/Brillhart* Abstention Doctrine, a district court possesses significant discretion to dismiss or stay claims seeking purely declaratory relief, even if it has subject matter jurisdiction over such claims. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494-95 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). This discretion arises from the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202, which provides that

district courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). As a result, the general "first to file" rule in federal courts is inapplicable in the context of a declaratory judgment action. *See Brillhart*, 316 U.S. at 491-95. In *Brillhart*, an insurer, anticipating a lawsuit by a policyholder, filed a declaratory action in federal court seeking a declaration of no coverage. *Id.* The district court dismissed the action in favor of the later-filed state court suit by the policy holder against the insurer. *Id.* The Court of Appeals reversed. *Id.* The Supreme Court in turn reversed the Court of Appeals, remanding the case to the district court, holding that "[a]lthough the District Court had jurisdiction of the suit under the [DJA], it was under no compulsion to exercise that jurisdiction." *Id.* at 494.

In *Wilton*, litigation arose from an underlying suit between the policyholder respondents and other parties. 515 U.S. 277-81. The petitioner insurers refused to defend or indemnify the respondents in the underlying lawsuit. *Id.* After the underlying lawsuit ended in an adverse ruling, the policyholders informed the insurers of their intent to file a coverage action in Texas State Court. *Id.* The insurers then sprinted to the courthouse and filed a declaratory action in the United States District Court for the Southern District of Texas before the policyholders filed their case in Texas State Court. *Id.* The district court applied the *Brillhart* analysis and stayed the insurers' declaratory action in favor of the later-filed suit in Texas State Court, to which the Court of Appeals affirmed. *Id.* The Supreme Court affirmed, reinforcing the two policy reasons motivating abstention: avoidance of piecemeal litigation and prevention of forum shopping. *Id.*

In this case, similar to the insurers in *Brillhart* and *Wilton*, Grinnell beat Edlin to the punch and filed its Complaint before this Court on January 25, 2023. (Doc. 1). Indeed, at the time of Grinnell's filing, Edlin had not filed any state court action against it. This was true even when Edlin filed his Motion to Dismiss on March 15, 2023. (Doc. 10). But with Edlin's filing of his complaint in Louisiana State court on March 16, 2023, (Doc. 13 at 9-17; Exh. B), this Court must now engage in in a *Wilton/Brillhart* analysis. Specifically, under the *Wilton/Brillhart* Abstention Doctrine, the Court must consider whether there is a parallel state proceeding, and whether the Court should abstain from exercising its jurisdiction. *See Envision Health Care, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010).

Two proceedings are "parallel" when substantially the same parties are contemporaneously litigating substantially the same issue. *Id*. Grinnell's Response argument, that the *Wilton/Brillhart* Abstention Doctrine does not apply, rests entirely on its assertion that Edlin has not filed a state court action. (Doc. 11 at 5-7). However, by the time Grinnell submitted its Response on April 5, 2023, Edlin had already initiated his lawsuit in Louisiana State court. (Doc. 13 at 9-17; Exh. B).

Here, Edlin's Louisiana State court case involves the same parties as the federal case: Grinnell and Edlin. (*Id*.). And the same precise legal question will be answered in both suits: whether Grinnell had a duty to defend or indemnify Edlin under the Policy with respect to the counterclaims brought against him by Shearbilt in the Underlying Action. (*See* Doc. 1; Doc. 13 at 9-17; Exh. B). It is clear Grinnell's claim in federal court necessarily subsumes Edlin's claim in Louisiana State court. The Court simply cannot

decide whether there *was not* coverage under the Policy (as Grinnell requests) without necessarily deciding the pending Louisiana State court issue of whether there *was* coverage under the Policy (as Edlin requests). In deciding the case before it, the Court would necessarily "gratuitously" interfere with the pending proceedings in state court. *See Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."). Accordingly, while the Court has subject matter jurisdiction over this case, the Court declines to exercise its jurisdiction over the matter pursuant to the *Wilton/Brillhart* Abstention Doctrine.

IV.   **CONCLUSION**

For the foregoing reasons, Edlin's Motion to Dismiss (Doc. 10) is GRANTED in part and DENIED in part. Edlin's Motion to Dismiss is DENIED as to any subject matter jurisdiction argument and GRANTED in all other respects.

ENTER: October 18, 2023

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE